# IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST DOROTHY GUTMAN T/A GENE'S TAVERN, 56 MT. PLEASANT AVENUE, LIVINGSTON, NEW JERSEY.

Superior Court of New Jersey
Appellate Division

Argued September 30, 1952—Decided October 7, 1952.

Before Judges EASTWOOD, GOLDMANN and FRANCIS.

*Mr. Samuel H. Nelson* argued the cause for the appellant (*Mr. Jacob Lubetkin*, attorney).

*Mr. Samuel B. Helfand* argued the cause for the respondent (*Mr. Theodore D. Parsons*, attorney general).

The opinion of the court was delivered by .

EASTWOOD, S. J. A. D.   The defendant appeals from the order of the Acting Director of Alcoholic Beverage Control, suspending her plenary retail consumption license following a hearing of charges that (1) she permitted a brawl, act of violence and disturbance upon the licensed premises, in violation of Rule 5 of State Regulation 20; (2) that she permitted gambling on the licensed premises, in violation of Rule 7 of State Regulation 20; and (3) that on September 15, 1951, and prior thereto she employed and had connected with her, in a business capacity, one Harry Schenkel, who was then directly or indirectly interested in the wholesaling of alcoholic beverages, in violation of Rule 29 of State Regulation 20.

The defendant contends that (1) the charges were not established by a preponderance of the believable evidence, and (2) that the defendant's alleged employment of her father, who was then interested in the wholesale liquor business, "was not established."

Concisely stated, the argument of the defendant is that we should review the evidence and make a new finding of facts, independent of that made by the acting director. Were we inclined to do so, it would mean that where, as here, there is clearly sufficient competent evidence to support the conclusions of the acting director, we should substitute our judgment for his and determine, *de novo,* the credibility of the witnesses, the weight of the evidence, the inferences properly deducible therefrom and to resolve the conflicting evidence. While, of course, we may review the facts and make an independent finding, this court will not exercise that prerogative where the director's findings are warranted by the evidence adduced before him. *DeMoors v. Atlantic Casualty Insurance Company,* 1 *N. J. Super.* 1 (*App. Div.* 1948) ; *Passarella v. Board of Commissioners,* 1 *N. J. Super.* 313 (*App. Div.* 1949) ; *Traymore of Atlantic City, Inc., v. Hock,* 9 *N. J. Super.* 47 (*App. Div.* 1950) ; *Greenbrier, Inc., v. Hock,* 14 *N. J. Super.* 39 (*App. Div.* 1951), certif. den., 7 *N. J.* 581 (1951).

The defendant argues that all of the respondent's witnesses were "biased" and, therefore, their testimony should not be given the weight accorded to it by the acting director. From our examination of the record, we are convinced that this charge of "bias" is not borne out. Such an assertion, if true, merely goes to the probative value of the witnesses' testimony and, properly, should be left to the trier of the facts. The determination of the acting director should not be disturbed unless it clearly appears from the entire record that it is arbitrary, unreasonable or capricious. The Legislature has delegated to the Alcoholic Beverage Control agency the duty and responsibility of hearing and determining charges of violations of the applicable statute and reasonable

rules promulgated under the authority thereof. All of the safeguards of "due process" are afforded. The licensee receives due notice of the charges and the date of the hearing thereof; he is permitted representation by counsel; he may cross-examine the witnesses produced against him; he may produce witnesses in his own behalf and a complete stenographic record of the proceedings is made. If this court were, in such a case as here under review, to make an independent review of the facts and a new finding thereof, it seems to us we would be thwarting the legislative intent when it reposed that duty and responsibility in the agency. *In re Larsen,* 17 *N. J. Super.* 564, 571 (*App. Div.* 1952).

"The sale of intoxicating liquor has from the earliest history of our state been dealt with by legislation in an exceptional way. In its legal significance it is *sui generis.* 'It is a subject by itself, to the treatment of which all the analogies of the law, appropriate to other topics, cannot be applied.' " *Hudson Bergen, &c., Assn. v. Hoboken,* 135 *N. J. L.* 502 (*E. & A.* 1947) ; *Essex Holding Corp. v. Hock,* 136 *N. J. L.* 28 (*Sup. Ct.* 1947). In some circumstances, where, regardless of his knowledge, the licensee may fail to prevent a prohibited act on his premises, he may be charged with the responsibility therefor. *Essex Holding Corp. v. Hock, supra; Cedar Restaurant & Cafe Co. v. Hock,* 135 *N. J. L.* 156 (*Sup. Ct.* 1947) ; *Galsworthy, Inc., v. Hock,* 3 *N. J. Super.* 127 (*App. Div.* 1949) ; *In re Schneider,* 12 *N. J. Super.* 449 (*App. Div.* 1951). Thus, it will be observed that our courts have consistently held that "the liquor business is one that must be carefully supervised and it should be conducted by reputable people in a reputable manner." *Zicherman v. Driscoll,* 133 *N. J. L.* 586 (*Sup. Ct.* 1946) ; that "As it is a business attended with danger to the community, it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils." *Crowley v. Christensen,* 137 *U. S.* 86, 92; 11 *S. Ct.* 13, 15, 34 *L. Ed.* 620, 624 (1890).

■ There is no merit to the defendant's further contention that defendant's employment of Schenkel, her father, at the time engaged in the wholesale liquor business, was not established by the evidence. While Schenkel denied that he tended bar, he admitted that he cooked shrimp, cut up cold cuts and prepared sandwiches. On the contrary, the agency witnesses testified that in addition, he frequently tended bar. Regardless of whether he tended bar and whether he was compensated, his admissions that he assisted in the conduct of the licensed business sufficiently established his proscribed employment and resulted in a violation of the rules promulgated under the authority of the Act. (*R. S.* 33:1–26, as amended; Rule 29 of State Regulation No. 20). *Kravis v. Hock,* 137 *N. J. L.* 252, 255 (*Sup. Ct.* 1948).

The order of the acting director is affirmed.